AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (USAO rev. 12/20)        ☐ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>The premises of 1039 South Hobart Boulevard Unit 214, Los Angeles, CA 90006, as more fully described on Attachment A-1 | )<br>)<br>)<br>)<br>)   Case No.  2:21-mj-01009<br>)<br>)<br>)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A-1*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

Date and time issued:      03/02/2021 @ 1:01 p.m.          _Rozella a. Oli_
                                                                              *Judge's signature*

City and state:       Los Angeles, CA          Hon. Rozella A. Oliver, U.S. Magistrate Judge
                                                                        *Printed name and title*

AUSA:      Andrew M. Roach (x0306)

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A-1**

PROPERTY TO BE SEARCHED

     The property to be searched is 1039 South Hobart Boulevard Unit 214, Los Angeles, CA 90006 ("SUBJECT PREMISES 1"), which is an apartment within a multi-family residential building, as pictured below.  The property sits between 11th Street to the south, Olympic Boulevard to the north, and Serrano Avenue to the west.  The numbers "1039" are written in gold on the face of the building between two entry doors.  There are two gated vehicle entries, one of which is at grade and the other subterranean. The property is white and gray with orange window accents. There are six balconies on the face of the building.  The specific unit to be searched, Unit 214, is located on the second floor.  Unit 214 is a one bedroom, one bathroom apartment, with a loft, and area of 670 square feet.



**ATTACHMENT B**

I.    **ITEMS TO BE SEIZED**

1.    The requested search warrant seeks authorization to seize evidence, fruits, or instrumentalities of violations of Title 18, United States Code, Sections 1028 (Fraud in Connection with Identification Documents), 1028A (Aggravated Identity Theft), 1029 (Fraud in Connection with Access Devices), 371 (Conspiracy), 1956 (Money Laundering), 286 (Conspiracy to Defraud the Government with Respect to Claims), 287 (False, Fictitious or Fraudulent Claims); 641 (Theft of Government Property), 1341 (Frauds and Swindles), 1343 (Wire Fraud), 922(g) (Felon in Possession of a Firearm and Ammunition), and 924(c) (Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Drug Trafficking Crime); Title 21, United States Code, Sections 846 (Conspiracy To Distribute Controlled Substances), 841 (Possession with Intent to Distribute Controlled Substances), and 843(b) (Use of a Communication Facility to Distribute Controlled Substances) (the "Subject Offenses"), namely:

a.    Any controlled substance, controlled substance analogue, or listed chemical;

b.    Items and paraphernalia for the manufacturing, distributing, packaging, sale, or weighing of controlled substances, including scales and other weighing devices, plastic baggies, food saver sealing devices, heat sealing devices, balloons, packaging materials, containers, and money counters;

c.    Firearms and ammunition;

v

d.    Items used in the packaging of currency for consolidation and transportation, such as money-counting machines, money wrappers, carbon paper, rubber bands, duct tape or wrapping tape, plastic wrap or shrink wrap, and plastic sealing machines;

e.    United States currency over $1,000 or bearer instruments worth over $1,000 (including cashier's checks, traveler's checks, certificates of deposit, stock certificates, and bonds) (including the first $1,000), and data, records, documents, or information (including electronic mail, messages over applications and social media, and photographs) pertaining to, obtaining, possessing, using, applications for, or transferring money over $1,000, such as bank account records, cryptocurrency records and accounts;

f.    Documents and records reflecting the identity of, contact information for, communications with, or times, dates or locations of meetings with co-conspirators, sources of supply of controlled substances, or drug customers, including calendars, address books, telephone or other contact lists, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when drugs were bought, sold, or otherwise distributed, whether contained in hard copy correspondence, notes, emails, text messages, photographs, videos (including items stored on digital devices), or otherwise;

g.    Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to

vi

show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

h.    Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the above-named violations;

i.    Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

j.    Audio recordings, pictures, video recordings, or still captured images related to the purchase, sale, transportation, or distribution of drugs, firearms, or ammunition;

k.    Contents of any calendar or date book;

l.    Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations;

m.    Records, documents, correspondence, faxes, and e-mails sent to and received from any State Workforce Agency or the IRS, including the California Employment Development

vii

Department, including any applications for Unemployment Insurance or tax return.

n.     Records and documents containing information, including Personally Identifiable Information, e.g., names, Social Security Numbers, dates of birth, addresses, phone numbers, and driver's license numbers, to be used in support of any application for Unemployment Insurance, any claim of continuing eligibility for Unemployment Insurance and/or any tax return, or any claim for an Economic Impact Payment ("EIP");

o.     Checks, EBP cards, tax refunds, or any other payments received from any State Workforce Agency, including the California Employment Development Department, or the IRS;

p.     Payroll and personnel records, receipts, IRS Forms W-2, IRS Forms W-4, IRS Forms 1099, and State and Federal Tax Returns;

q.     Copies of and actual driver licenses, state identification cards, passports, and other forms of identification.

r.     Indicia of occupancy, residency, control, and/or ownership of SUBJECT PREMISES, including utility bills, telephone bills, loan payment receipts, rent documents, keys, photographs, and bank records.

s.     Bank records or records received from financial institutions, including debit cards; correspondence regarding debit card accounts; wire transfer records; bank statements and associated transactional records; money drafts, letters of credit; safety deposit box keys and records; checkbooks; money

wrappers; money containers; income tax records; payroll records; credit cards; and any other records of financial transactions that reflect the disposition and/or allocation of monies.

t.   Cash or cash equivalents, such as pre-paid cards in excess of $500;

u.   ~~A model year 2020 Dodge Ram Rebel with a vehicle identification number ("VIN") of 1C6SRFLM0LN332115 and bearing California license plate 23741Z2;~~

v.   ~~A model year 2016 Land Rover with a VIN of SALWR2EF8GA562847 and bearing temporary Texas license plate 68762P9;~~

w.   ~~A model year 2018 Aprilia motorcycle with a VIN of ZD4KEU006JS001083 and bearing California license plate 24G5202;~~

x.   ~~A model year 2017 Aprilia motorcycle with a VIN of ZD4KEU004HS000167 and bearing California license plate 23P0670;~~

y.   ~~A model year 2019 Harley Davidson motorcycle with a VIN of 1HD4LE235KC434072 and bearing California license plate H47580;~~

z.   Records relating to the acquisition, secreting, transfer, concealment, and/or expenditure of money;

aa.  Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

bb.   With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i.   Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii.   Evidence of the presence of absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. Evidence of the attachment of other devices;

iv.   Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v.    Evidence of the times the device was used;

vi.   Passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

vii. Applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access or to conduct a forensic examination of it;

          viii.    Records of or information about Internet Protocol addresses used by the device;

          ix.  Records of or information about the device's internet activity, including firewall logs, cashes, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses.

      cc.  As used herein, the terms "records", "documents", "programs", "applications", and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

      dd.  As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebooks, and tabled computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony Playstation and Microsoft Xbox); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communication devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II.   SEARCH PROCEDURE FOR DIGITAL DEVICES

2.   In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location.  The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant.  The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

b.   The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i.   The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

ii.   The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

c.   The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

d.   If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e.   If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

f.   If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

xiii

g.    The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h.    After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

3.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

4.    In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a.    Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

b.    Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.    Any magnetic, electronic, or optical storage device capable of storing digital data;

d.    Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e.    Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.    Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.    Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

5.    During the execution of this search warrant, law enforcement is permitted to: (1) depress EDWARD KIM's or PALOMA FOSTER's thumb and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of EDWARD KIM's or PALOMA FOSTER's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.  In depressing a person's thumb or finger onto a device and in holding a device in front of a

xv

person's face, law enforcement may not use excessive force, as defined in <u>Graham v. Connor</u>, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

6.    The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.